THE NO. 105.
**BELCHER OIL CO. v. GRIFFIN.**
No. 8577.

Circuit Court of Appeals, Fifth Circuit.
May 28, 1938.

On Motion to Modify Judgment
June 25, 1938.

426

Henry P. Dart, Jr., and Louis C. Guidry, both of New Orleans, La., and M. Lewis Hall, of Miami, Fla., for appellants.

O. D. Batchelor, of Miami, Fla., and Edward J. Smith, Jr., of Stuart, Fla., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is a libel against a steel barge upon a claim for salvage. The cause was heard by the court upon pleadings and oral proof. This appeal was taken from a final decree awarding the salvors twelve hundred dollars and directing that execution issue, against the barge and its owners, unless the decree were satisfied within ten days.

The issues for decision are the right of appellees to any compensation for their services, and if so, the amount to which they are entitled. The district court held that the barge had become a derelict, and would have been destroyed if it had not been for the services in question.

On the night of November 2, 1935, this barge was being towed by the tug Laura from Fort Pierce to Miami. When a few miles off Stuart, Florida, in a rough sea, it was separated from the tug. About mid-afternoon of November 3, 1936, with no one on board, it was adrift, moving southerly in a channel between a reef and the shore line. At this time the libellants took possession of it, first attaching a small wire cable, and, shortly thereafter, a rope about an inch in diameter. The waves on which the barge was afloat were of varying heights, often rising to ten or twelve feet. At times the barge was drawn up on the beach far enough to be held for thirty or forty minutes before a wave would take it back to sea.

The appellants deny that the barge had been abandoned by its owner, deny that appellees rendered any service in saving the property or rescuing it from the impending perils of the sea, and contend that a change of the wind was the sole cause of its being washed ashore and saved. They ridicule the idea of the salvors attempting to control the movements of a fifty-ton barge on a high sea with a one-inch rope and a piece of telephone wire when, as stated in their brief, the "barge was being tossed intermittently upon the beach by the mountainous waves immediately preceding and following the tropical hurricane." They commend appellees for their vain efforts but assert that no amount of courage and persistence is sufficient to entitle them to an award, unless the purpose of their efforts was accomplished.

While the barge was in great peril, we think the court erred in holding that it was a derelict and in awarding its full value to the salvors as compensation for their services. Dereliction or renunciation of property requires both the intention to abandon and external action. This is true of property at sea as well as on land. Even the title of the owner to property lying at the bottom of the sea is not necessarily divested. Murphy v. Dunham, D.C., 38 F. 503. There must be a voluntary intention to abandon, or evidence from which such intention may be presumed. There was no evidence before the court indicating this intention. The barge was severed from the tug in a storm, and the owner immediately undertook to recover it.

The serious question before us is whether the admitted arduous and persistent efforts of appellees resulted in saving the barge or contributed in some degree to that end. In order to give a right to salvage, it is not enough that the property be saved. It must be saved by the instrumentality of the asserted salvors, or their services must contribute in some degree to the result.

The veering of the winds to the west was undoubtedly a factor or condition without which human efforts with a one-inch rope and a telephone wire would have been futile. The issue here is whether with the aid of veering winds libellants contributed in some material degree to the rescue or preservation of the property in peril, or whether they simply pulled on the barge a considerable time before the favorable wind and wave cast it on the beach. The whole question is one of fact, and on the record before us we are not able to say that the trial judge who heard the testimony erred in finding for the appellees and awarding

them compensation; but, in view of the value of the property which was restored to the owner, we think the amount of the award was excessive. The decree will be modified so as to reduce the amount to six hundred dollars, and, as so modified, it will be affirmed with costs against appellees.

Affirmed.

### On Motion to Modify Judgment.

PER CURIAM.

■ The costs of appeal about equal the recovery we have allowed. The appellant lost the appeal on the question of liability but won a reduction of the amount recovered. Under the circumstances the costs of appeal may be fairly divided between appellant and appellees, and it is so ordered.